UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
4/17/08
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

EVGENY A. TALISOV
ANDREW R. W. SMOCK
YULIYA S. PISKOVAYA

CASE NO.   3:08-cr-96(S1)-J-32HTS
Ct. 1:      8 U.S.C. § 1325(c) and
            18 U.S.C. § 2
Ct. 2:      18 U.S.C. § 287 and
            18 U.S.C. § 2

## INDICTMENT

The Grand Jury charges:

## Introductory Allegations

At all times relevant to this indictment:

1.      Aliens who wish to become lawful permanent residents of the United States
and eventually become naturalized United States citizens may avoid the numerical
restrictions on the number of immigrants allowed in the United States, as well as certain
visa and other requirements imposed by the law, by becoming the spouse of a United
States citizen.

2.      A United States citizen may petition the government of the United States to
grant an alien spouse lawful permanent resident status without regard to the numerical
restrictions noted previously by filling out a Form I-130 (Petition for Alien Relative).

3.      An approved immediate relative visa petition allows an alien spouse to file a
Form I-485 (Application to Register Permanent Resident or Adjust Status) requesting
that the United States Government adjust the alien spouse's status to that of a lawful
permanent resident without the alien having to leave the United States.  If the alien

cannot adjust status this way, the alien must leave the United States, obtain an immigrant visa at a United States embassy in the alien's home country, and reenter the United States.

4.     Forms I-130 and I-485 are typically filed together and the visa petition and adjustment application are adjudicated at the same time.  In support of these applications, the United States citizen spouse executes a Form I-864 Affidavit of Support in which the spouse agrees to certain financial responsibilities on behalf of the alien spouse.

5.     Title 8, United States Code, Section 1325(c) provides that it is a crime to "knowingly enter into a marriage for the purpose of evading any provision of the immigration laws."

6.     The United States Navy provides certain servicemembers a Basic Allowance for Housing (BAH) to help offset the costs of suitable housing for its members.  Only certain classes of servicemembers, such as servicemembers who have dependents, are eligible for BAH.  If a servicemember is eligible to receive BAH, he normally must file the appropriate paperwork at the local personnel office certifying his eligibility.  The servicemember becomes eligible for increased BAH once he is married. Once his paperwork is properly filed, BAH is disbursed to a servicemember along with his base pay and any other pay to which he may be entitled on a bi-monthly basis.  If the servicemember's circumstances change in such a manner that he is no longer eligible to receive BAH, it is the servicemember's responsibility to return to the local personnel office and file the appropriate paperwork to discontinue the BAH payments.

7.      Defendant EVGENY A. TALISOV was a United States citizen and an active duty service member in the United States Navy, stationed in Mayport, Florida.

8.      Defendant ANDREW R. W. SMOCK was a United States citizen and an active duty service member in the United States Navy, stationed in Mayport, Florida.

9.      Defendant YULIYA S. PISKOVAYA, was born in Novosibirsk, Russia. She entered the United States on a four-month J-1 summer travel/work visa on May 22, 2006. Her visa was set to expire on September 23, 2006 and after that date, she would have been an overstay and illegally present in the United States.

## COUNT ONE

1.      The allegations contained in paragraphs one through nine of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.      In or about September 2006, in Duval County, in the Middle District of Florida,

EVGENY A. TALISOV,
ANDREW R.W. SMOCK,
YULIYA S. PISKOVAYA,

the defendants herein, knowingly entered into and aided, abetted, counseled, and induced another to enter into a fraudulent marriage for the purpose of allowing YULIYA S. PISKOVAYA to evade the provisions of the immigration laws of the United States.

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT TWO

1.      The allegations contained in paragraphs one through nine of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.      In or about September 2006, in Duval County, in the Middle District of Florida,

ANDREW R.W. SMOCK,

the defendant, herein, made and presented, and caused another to make and present to the United States Navy a claim upon the United States Navy, that is, a claim for Basic Allowance for Housing (BAH), knowing that the claim was false, fictitious, and fraudulent, in that SMOCK had engaged in a marriage fraud scheme and his spouse was not, in fact, a true spouse and was neither cohabitating with SMOCK nor being supported by him.

In violation of Title 18, United States Code, Sections 287 and Title 18, United States Code, Section 2.

A TRUE BILL,

Foreperson

ROBERT E. O'NEILL
United States Attorney

By:

CLAY HAHS
Special Assistant United States Attorney

By:

RONALD T. HENRY
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

EUGENY A. TALISOV
ANDREW R.W. SMOCK
YULIYA S. PISKOVAYA

## INDICTMENT

Violations:

Ct. 1: 8 U.S.C. § 1325(c) and 18 U.S.C. § 2
Ct. 2: 18 U.S.C. §§ 287, 2

A true bill,

_____
Foreperson

Filed in open court this 17th day

of April, A.D. 2008.

_____
Deputy Clerk

Bail $ _____

Revised 05 03 2007

GPO 863 525